# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAMIEN OMAR BALLOTT,<br><br>    Defendants. | CR 04-00198 TJH-2<br><br><br>Order |

The Court has considered the Government's amended motion to dismiss Defendant's request for credit for time served, together with the moving papers.

On July 29, 2015, the Court received Defendant's letter asking that he be awarded credit against his current federal sentence. On July 30, 2015, the Court filed the letter in this case. The Government, now, moves to dismiss the letter because Defendant did not exhaust his administrative remedies or, demonstrate that he is entitled to a waiver of the requirement that he must exhaust his administrative remedies. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

The Court intends to construe Defendant's letter as a petition for a writ of *habeas corpus* pursuant to 18 U.S.C. § 2241, and will rule on it as though it were a petition for a writ of *habeas corpus*. However, in light of *United States v. Castro*, 540 U.S. 375,

377 (2003), Defendant may withdraw the letter before the Court rules on it if he did not intend for the letter to be deemed a petition for a writ *habeas corpus*. Defendant has until March 15, 2016, to inform the Court of his desire to withdraw the letter. If the Court does not receive anything from Defendant by March 15, 2016, the Court will rule on the letter as a petition for a writ *habeas corpus*.

If Defendant does not withdraw the letter and the Court rules on the letter as a petition for *habeas corpus*, any further petitions for a writ of *habeas corpus* will be deemed a second or successive petition. The Court, hereby, advises Defendant that before he may proceed with a second or successive petition for a writ of *habeas corpus,* the petition must first be certified by a panel of the appropriate court of appeals that it contains either: (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Therefore, if Defendant did not intend his letter to be a petition for a writ of *habeas corpus*, he should withdraw it by March 15, 2016.

IT IS SO ORDERED.

Date: February 4, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge